Reed W. Larsen - Idaho State Bar #3427
Javier L. Gabiola - Idaho State Bar #5448
COOPER & LARSEN, CHARTERED
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182
reed@cooper-larsen.com
javier@cooper-larsen.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FAISAL F. AMANATULLAH, M.D., | ) | Case No. 4:15-cv-00056-EJL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO INTERVENE** |
| THE UNITED STATES LIFE | ) | |
| INSURANCE COMPANY OF THE CITY | ) | |
| OF NEW YORK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Cooper & Larsen, and, pursuant to its Motion to Intervene, submits the following memorandum in support of said motion.

**I.  BACKGROUND**

On April 7, 2017, Plaintiff filed his blanket dismissal of counsel, and notified the Court that he was appearing pro se. *See Dkt. 79.* On April 13, 2017, the Court entered an order granting Cooper & Larsen to withdraw as Plaintiff's counsel, and that Plaintiff would be proceeding pro se. *See Dkt. 80.* In addition, Cooper & Larsen filed a Notice of Attorney Lien to protect its right to cover

attorney's fees and costs in this matter. *See Dkt. 77.* Pursuant to the notice filed by Cooper & Larsen for the attorney fee lien, Dkt. 77, and as set forth therein, Cooper & Larsen is entitled to assert an attorney lien against any judgment or settlement reached in this matter, pursuant to Idaho Code § 3-205. In addition, as reflected in Dkts. 74 and 75 filed related to attorney fees, as well as a cost bill, the amount of attorney fees and costs sought by Cooper & Larsen are a total of $425,353.52.

## II. ARGUMENT.

Cooper & Larsen seeks permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b)(1), which provides as follows:

> (b) Permissive Intervention.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> >
> > > (A) is given a conditional right to intervene by a federal statute; or
> > > (B) has a claim or defense that shares with the main action a common question of law or fact.

As the Ninth Circuit has held, permissive intervention under Rule 24(b) may be granted upon the following being shown: (1) independent ground for jurisdiction; (2) the motion must be timely; and (3) the claim or defense in the main action must have a question of law and fact in common. *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). As to the first requirement, an independent ground for jurisdiction, in *Venegas*, the court found the district court exercised jurisdiction to determine the rights of the parties, specifically the intervenor who was an attorney seeking to assert protect his right to attorney fees pursuant to a contingent retainer agreement. *Venegas,* at 529. So too, in this matter should the Court grant jurisdiction, and allow Cooper & Larsen to intervene so

as to protect their right to their attorney fees and costs pursuant to the fee agreement between it and Plaintiff.

In addition, Cooper & Larsen, on the jurisdictional question, point the Court to the decision from the Seventh Circuit, *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018 (7th Cir., 2006). In that case, Judge Posner, noted that pursuant 28 U.S.C. § 1367, the court having original jurisdiction should also have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *Id.,* at 1025. In addition, Judge Posner reasoned that the purpose behind 28 U.S.C. § 1367 was to prevent a two step evasion of the requirement of complete diversity of citizenship by a person who being the same citizenship as the defendant, waits to sue until a diverse party with which it is aligned sues the defendant and then joins the suit as an intervening plaintiff. *Id.* Judge Posner went on to note that in that case, the party seeking to intervene did not have its claim arise until after the litigation had concluded. Judge Posner noted that, "jurisdiction is not defeated by the intervention of a party who had 'no interest whatsoever in the outcome of the litigation until sometime after suit was commenced.'" *Id.,* at 1025. Judge Posner further explained as follows:

> Section 1367(b)'s purpose of preventing plaintiffs who would have destroyed federal jurisdiction had they joined a suit at its outset from using Rule 24 to circumvent the requirement of complete diversity has no application to a party forced to intervene to protect an interest that arose during the course of a federal litigation in which he had no stake at the outset. Such a party has no say in deciding where the suit is brought and so cannot be gaming the system.

*Aurora Loan Services, Inc.,* supra., at 1025. Judge Posner went on to note that federal jurisdiction is determined as of the date the complaint is filed. *Id.* Judge Posner further reasoned that in that case, again as the intervenor did not have an interest until after the litigation had concluded, it could

not have been an original plaintiff in the suit and there was no other way it could vindicate its claim but by intervening. *Id.* Additionally, Judge Posner noted that the Supreme Court, after enactment of section 1367 reaffirmed that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Id.,* at 1026. Judge Posner quoted to *Wichita Railroad & Light Co. v. Public Utilities Commission*, 260 U.S. 48, 54 (1922):

> Jurisdiction once acquired ... is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties.

Ultimately, Judge Posner concluded that the district court in that matter had jurisdiction over the motion to intervene. *Id.,* at 1027.

In addition, in *Venegas*, supra., similar to what Judge Posner ruled in *Aurora Loan Services, Inc.,* supra., the Ninth Circuit reversed the district court's decision finding there was no common question of law or fact. There the Ninth Circuit noted that the attorney seeking to intervene asked the court two questions, what amount of fees, if any, were due him and whether he had a right to a lien for that amount. *Venegas*, 867 F.2d at 530. The Ninth Circuit went on to discuss the issue as to a common question of law or fact, concluding that in reviewing all the considerations that guide the exercise of judicial discretion, such considerations "clearly weighed in favor of permissive intervention." *Id.* The court went on to note that in considering whether intervention should be granted, it needs to consider whether undue delay or prejudice of the adjudication of the rights of the original parties would arise. *Id.* In addition to the interests of the original parties, the court, in deciding whether to permit intervention, needs to evaluate whether the movant's interests are adequately represented by the existing parties. *Id.,* at 530. The court in *Venegas* noted that the attorney seeking to intervene, and the plaintiff, his former client, were at odds related to the

attorney's claim for attorney's fees. Such is the case here. Plaintiff terminated Cooper & Larsen as his attorney, and as such has no interest in representing or protecting Cooper & Larsen's right to their lien for fees and costs on any settlement or judgment reached in this case. Additionally, Defendant US Life has no interest in protecting Cooper & Larsen's lien.

Finally, the issue as to judicial economy as noted by the court in *Venegas* is also a relevant consideration for permissive intervention. *Id.,* at 530. The court in *Venegas* noted that the district court in that case was in the best position to decide the issue, that there were no novel or difficult issues of state law at issue and the district court was well acquainted with the underlying litigation and the parties to the fee dispute. *Id.* Here likewise, judicial economy dictates that the Court grant Cooper & Larsen permission to intervene. As noted in Cooper & Larsen's attorney lien, Cooper & Larsen is seeking to protect their right to attorney's fees and costs pursuant to Idaho Code § 3-205. Section 3-205 provides as follows:

> The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be affected by any settlement between the parties before or after judgment.

The issue as to Cooper & Larsen's right to recover fees and costs from any settlement or judgment reached in this case is not a complex issue to decide, and this Court is obviously in the best position to decide the issue, as it is also well acquainted with the underlying litigation and the parties to the fee issue.

Clearly, the Court should grant Cooper & Larsen's Motion to Intervene. The issue as to

Cooper & Larsen being able to recover and protect their interest in attorney's fees and costs awarded pursuant to any settlement or judgment entered in this case did not arise until April 7, 2017, and thus, its motion is timely. Further, the Court would have supplemental jurisdiction to consider the issue as to Cooper & Larsen's attorney lien. Again, the issue Cooper & Larsen had related to being able to recoup its fees and costs did not arise until well after this case had been litigated and jurisdiction settled between the original parties. Thus, this Court properly has supplemental jurisdiction in this matter. Finally, there is a common question of law and fact, that is the issue as to attorney fees and costs, which Plaintiff has sought in this matter from the outset of the filing of his Complaint, to present. Cooper & Larsen's interest to protect their lien is inherently related to that issue, such that the Court should grant Cooper & Larsen's motion. There will be no delay in allowing Cooper & Larsen to intervene, as the Court has already granted Plaintiff's summary judgement motion as to the breach of contract claim, and now at this point is deciding what damages are available to the Plaintiff, including attorney's fees and costs. As Cooper & Larsen's lien related to its fees and costs is intertwined with those issues, it will not cause any delay, nor any prejudice to the original parties. Finally, as to judicial economy, this Court is in the best position to decide the issue as to fees and costs. The Court is clearly well acquainted with the case and must allow Cooper & Larsen to intervene, as the original parties to the lawsuit are not in a position to protect Cooper & Larsen's interest.

### III.  CONCLUSION

Based on the foregoing, Cooper & Larsen respectfully requests that the Court grant their motion and allow them to intervene in this matter so as to protect their attorney lien.

DATED this 14th day of April, 2017.

          COOPER & LARSEN, CHARTERED


By:    /s/ Javier L. Gabiola
      JAVIER L. GABIOLA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2017, I served a true and correct copy of the above and foregoing document to the following person(s) as follows:

| | | |
|---|---|---|
| Kevin J. Scanlan | [ ] | U.S. Mail/Postage Prepaid |
| Bryan A. Nickels | [ ] | Hand Delivery |
| Duke Scanlan & Hall, PLLC | [ ] | Overnight Mail |
| PO Box 7387 | [ ] | Facsimile/208-342-3299 |
| Boise, ID 83707 | [x] | ECF/Electronic Notification |
| | | |
| Faisal Frank Amanatullah, M.D. | [x] | U.S. Mail/Postage Prepaid |
| 2393 Douglas Street | [ ] | Hand Delivery |
| Pocatello, ID 83201 | [ ] | Overnight Mail |
| | [ ] | Facsimile/208-342-3299 |
| | [x] | email: swissus19@gmail.com |


      /s/ Javier L. Gabiola